[925 NYS2d 144]

In the Matter of ADAM IRA SKOLNIK, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 7, 2011

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Sarah Diane McShea*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Supreme Court of the State of Florida, by order dated

October 6, 2010 (46 So 3d 1003 [2010] [table; text at 2010 WL 3938190, 2010 Fla LEXIS 1699 (2010)]), suspended the respondent from the practice of law in that state for 90 days, effective 30 days from the date of the order. That order further directed that the respondent pay restitution in the amount of $4,844.75 to Jose Droz and Lydia Droz. Judgment was awarded to the Florida Bar for recovery of costs in the amount of $1,502.50.

The order dated October 6, 2010 referred to and incorporated a report of a referee (hereinafter the report), which was approved by the Supreme Court of the State of Florida. As reflected in the report, the Florida Bar filed a formal complaint against the respondent on or about June 3, 2009. The parties presented a stipulation as to probable cause and conditional guilty plea and consent judgment, which the Referee approved. The facts and conclusions below were agreed to by the parties.

Jose Droz and Lydia Droz retained the respondent in December 2004 to represent them in a landlord/tenant dispute in which they sought to recover outstanding rent from their tenant. After accepting the Drozes' representation and their fee, the respondent failed to take any action, and ultimately abandoned the case. The respondent's failure to provide legal representation for 4¹/₂ years was not diligent legal representation, and was conduct clearly prejudicial to the administration of justice.

The respondent represented Jack Moussa and his corporation, Florida Housing Counsel, in a case styled *Rhonda K. Shnitzler-Gribenski v Florida Housing Counsel,* in the Circuit Court of the 15th Judicial District, in and for Palm Beach County, Florida. Pursuant to an order of that court dated June 1, 2007, the respondent was directed to file a response to the complaint by June 15, 2007. The respondent failed to file a response to the complaint in that matter, and again failed to do so by the next deadline, fixed by that court for October 23, 2007. The plaintiff in that action moved for leave to enter a default judgment against the respondent's clients. When the respondent failed to file responsive papers, and failed to appear on November 14, 2007, the date of the hearing on the motion for leave to enter a default judgment, the plaintiff's motion was granted. The respondent's clients were forced to retain new counsel to set aside the default. The respondent's neglect of his clients' case constituted incompetent representation and conduct prejudicial to the proper administration of justice, as did the respondent's failure to communicate with his clients.

In 2005, W. Walker Alexander III, a friend of the respondent since 1996, invested the sum of $200,000 in real estate to be owned by a third party. Alexander signed a contract pursuant to which he agreed to lend the money to Clarendon Realty (hereinafter Clarendon), a company for which the respondent was a managing member. The funds were wired to the respondent's trust account. Clarendon thereafter loaned the funds to the third party. The complainant subsequently learned that the loan had gone into default and that the mortgage, which had been taken by Clarendon on three parcels of real property, had never been recorded by the respondent. In 2006, Alexander again loaned $200,000 for investment into a movie studio, where the loan was arranged by the respondent. The movie studio loan was secured by stock issued to Alexander. The company failed. The respondent promised but failed to file an action on behalf of Alexander. In 2008, Alexander commenced an action against the respondent and the third party with respect to the Clarendon loan and obtained a default judgment against them. Alexander also obtained a default judgment against the loan recipient and the respondent in connection with the movie studio transaction.

The respondent admitted, for the purpose of the settlement, that by arranging the above transactions, he entered into a business transaction with a client, and that such transaction presented an impermissible conflict of interest.

In March 2007, the respondent represented Gabriel Shabo and Alice Shabo in a lawsuit against Motive Enterprises, LLC, and Shell Oil Company. The respondent failed to secure collection of the funds the Shabos were to receive for the settlement of that action.

The Referee concluded that the respondent violated Rules Regulating the Florida Bar rules 3-4.2, 3-4.3, 4-1.1, 4-1.3, 4-3.2, 4-8.4 (a), (d); 4-1.4 (a), (b) and former and current 4-1.7 (a) and recommended a 90-day suspension. He noted that the respondent, who was then 35 years of age, had previously received a public reprimand for neglect in an order dated September 11, 2008 (992 So 2d 821 [2008] [table; text at 2008 WL 4211663, 2008 Fla LEXIS 1854 (2008)]). Various mitigating factors were noted by the Referee, including remorse, personal or emotional problems, inexperience in the practice of law, and interim rehabilitation.

The Supreme Court of the State of Florida, in an order dated October 6, 2010, approved the Referee's report and imposed a 90-day suspension.

The respondent has filed a verified statement in response to a notice served upon him by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, informing him that reciprocal discipline was being sought against him in New York, based on the discipline imposed upon him in Florida. He raises no defenses and consents to the imposition of discipline; however, he urges the Court to impose a 90-day suspension or a public censure.

By way of explanation, not excuse, the respondent asserts his belief that his personal problems, as well as his depression, untreated at the time, interfered with and clouded his professional judgment in representing his clients properly. He feels that he has taken the necessary steps to avoid a repetition of his misconduct in the future, including seeking professional assistance for his mental health problems and implementing improved law office procedures as recommended by the Florida Bar's Law Office Management Advisory Service. He has made restitution to Jose Droz and Lydia Droz, and paid the Florida Bar its costs. He apologizes to the Court for his misconduct in Florida which, he adds, was not venal, but merely a product of his inexperience.

The respondent does not practice law in New York and maintains no office in this jurisdiction. He has since been reinstated to the Florida Bar.

Since the respondent has not demanded a hearing, there is no impediment to the imposition of reciprocal discipline at this juncture (see 22 NYCRR 691.3 [d]).

Under the circumstances of this case, the petitioner's application to impose reciprocal discipline is granted and the respondent is suspended from the practice of law for a period of six months, based upon the discipline imposed upon him in Florida.

Prudenti, P.J., Mastro, Rivera, Skelos and Dickerson, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that the respondent, Adam Ira Skolnik, is suspended from the practice of law for a period of six months, commencing July 7, 2011, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than one month prior to the expiration of said period, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law,

(b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Adam Ira Skolnik, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension until further order of the Court, the respondent, Adam Ira Skolnik, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Adam Ira Skolnik, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).